**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| MONTWAIN CARTER, individually and on behalf of all others similarly situated, | : : CIVIL ACTION FILE NO. |
| Plaintiff, | : : |
| v. | : **COMPLAINT – CLASS ACTION** |
| VITALITY GUARD INSURANCE, LLC | : : **JURY TRIAL DEMANDED** |
| Defendant. | : : |

Plaintiff Montwain Carter (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

**NATURE OF ACTION**

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2. "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id*. at 649-50.

3. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including his own.

4. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Montwain Carter is an individual who has a 563 area code number, which is associated with this District.

7. Defendant Vitality Guard Insurance, LLC is a Florida limited liability company.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. This Court has supplemental jurisdiction over the state law claims since they relate to the same telemarketing campaign.

9. This Court has specific personal jurisdiction over Vitality Guard because it directed its conduct into this state by calling individuals with 563- area codes, as well as using those same 563- area code numbers on the calls.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and omissions giving rise to the case, namely, the illegal telemarketing conduct, occurred here because the calls were directed into this State and utilized this State's area codes to place the calls.

## **TCPA BACKGROUND**

<u>The Enactment of the TCPA and its Regulations</u>

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**FACTUAL ALLEGATIONS**

16. Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

17. Plaintiff Carter is also a "person" as the term is defined by 47 U.S.C. § 153(39).

18. At no point has the Plaintiff consented to receive telemarketing calls from the Defendant regarding the sale of goods or services, including health insurance services, prior to receiving the automated calls at issue.

Calls to Plaintiff

19. Mr. Carter's residential telephone number is (563) XXX-XXXX.

20. That telephone number is a residential telephone line used by Mr. Carter for personal calls and for personal, family, and household use.

21. The telephone number is a residential number because it is assigned to a telephone exchange service for consumers, not a telephone exchange service for businesses.

22. Mr. Carter does not use the number for business reasons and the number is not registered in the name of or associated with a business.

23. The number is in Mr. Carter's name and he pays the bill.

24. Plaintiff Carter never consented to receive calls from Defendant.

25. Plaintiff Carter never did business with the Defendant.

26. Mr. Carter registered his residential telephone number on the National Do Not Call Registry on October 23, 2024, and it has remained on the Registry since that time.

27. Despite this, the Plaintiff received at least 2 calls from the Defendant, which were sent on November 25, 2024 and solicited him to sign up for health insurance.

28. The first call came from 563-232-XXXX, which promoted health insurance.

29. The Plaintiff was not interested, informed the caller of that, and ended the call.

30. The second call came from 563-232-XXXX, which again promoted health insurance.

31. During this call, the Plaintiff spoke with Simone Grant Smith, an employee of the Defendant.

32. Simone Grant Smith promoted the Defendant's health insurance services.

33. Indeed, Simone Grant Smith then sent the Plaintiff a text message, which indicated "if you have any questions….or may know of someone who may need healthcare coverage, please text me….or contact our customer service."

34. Defendant is a health insurance agency that sells health insurance.

35. The calls were sent to solicit the Plaintiff to purchase an individual or family health insurance plan. They were therefore made for telemarketing purposes.

36. The Defendant called the Plaintiff at least two times attempting to solicit the Plaintiff for health insurance.

37. Plaintiff never consented to receive calls from Defendant.

38. Plaintiff never did business with the Defendant.

39. Based on the foregoing, it is evident that Defendant mass-dials calls indiscriminately and incessantly, including to numbers on the Do Not Call Registry.

40. Plaintiff's privacy has been violated by the above-described telemarketing calls.

41. Plaintiff never provided his consent or requested these calls.

42. The aforementioned calls to the Plaintiff were unwanted.

43. The calls were non-consensual encounters.

44. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

46. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

47. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the class as he has no interests that conflict with any of the class members.

48. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

49. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

50. This Class Action Complaint seeks money damages.

51. The Class as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

52. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members for each Class number, at minimum, in the hundreds based on the fact that automated methods were used to send the calls.

53. The joinder of all Class members is impracticable due to the size of the Class and relatively modest value of each individual claim.

54. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

55. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   (a) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

   (b) whether Defendant's conduct constitutes a violation of the TCPA;

   (c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

   (d) whether Defendant Vitality Guard is vicariously liable for calls placed by telemarketing vendors, if any.

56. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

57. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

58. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

59. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. 227(c) on behalf of the National Do Not Call Registry Class

60. Plaintiff incorporates the allegations in paragraphs 1-59 as if fully set forth herein.

61. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the telephone numbers of Plaintiff and members of the Class on the National Do Not Call Registry.

62. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their numbers on the National Do Not Call Registry in violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

63. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.  That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

B.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing such Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

C.  Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: April 22, 2025

PLAINTIFF, individually and on behalf of all others similarly situated,

By: */s/ Eric S. Mail*
Eric S. Mail AT0011435
Puryear Law P.C.
3719 Bridge Ave, Suite 6
Davenport, IA 52807
(P):      563.265.8344
mail@puryearlaw.com